Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of aluminum alloys similar in all material respects to those the subject of *C. J. Tower & Sons* v. *United States* (45 C. C. P. A. 43, C. A. D. 670), the claim of the plaintiff was sustained.

No. 62275.—Davies, Turner & Co. *v.* United States, protest 266123–K (Boston).

Opinion by LAWRENCE, J.   It was stipulated that the merchandise consists of nonferrous metal scrap composed in chief value of nonferrous metals, more particularly described as tungsten rod scrap pieces, which are secondhand and fit only to be remanufactured.   Upon the agreed facts, it was held that the merchandise comes within the provisions of Public Law 869, *supra*, as extended, and is entitled to free entry.

BEFORE THE THIRD DIVISION, AUGUST 7, 1958

No. 62276.—International Packers Commercial Co., Inc., et al. *v.* United States, protests 204234–K, etc. (New York).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise consists of meats, prepared or preserved, not specially provided for, similar in all material respects to the meat the subject of *United States* v. *Mercantil Distribuidora, S. A., et al.* (45 C. C. P. A. 20, C. A. D. 667), the claim of the plaintiffs was sustained.

No. 62277.—The Tupman Thurlow Co., Inc. *v.* United States, protests 251169–K, etc. (New York).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise consists of meats, prepared or preserved, not specially provided for, similar in all material respects to the meat the subject of *United States* v. *Mercantil Distribuidora, S. A., et al.* (45 C. C. P. A. 20, C. A. D. 667), the claim of the plaintiff was sustained.